## Kilker v. Lynott, Jr., et al., etc.

*Henry M. Biglan*, for plaintiff.

*Carlon M. O'Malley*, for defendants.

HOBAN, P. J., March 15, 1954.—The action was in assumpsit for engineering services rendered by plaintiff to defendants, and if we gather the intention of the complaint correctly the amount claimed was based on a quantum meruit and not on any prescribed contract basis for either a specified sum for all the services or a specified retainer at a given rate to be applied on

the time spent. At the time the complaint was served on defendants they were not represented by counsel and had been in a series of conferences with plaintiff and with plaintiff's counsel, leading to a settlement of the case. They were, it is true, advised that an entry of appearance and an answer to the complaint were due as of 20 days after the complaint was served. Defendants were quite aware of the dates involved but there is some color to their belief that regardless of the fact that the date for filing an answer had lapsed, that negotiations were to be continued. Three days after the elapsed period plaintiff caused judgment to be entered for failure to file an answer, and directed the prothonotary to assess plaintiff's damages according to the amount claimed, with interest from specific date.

Without going into the relationships between the parties other than purely business ones which might have affected to some degree the conduct of business between them, we may say that if a meritorious defense is presented concurrently with this motion, we think there would be sufficient ground to open the judgment. The proposed answer to the complaint to be filed if this judgment is opened sets up a defense (a) that the contract with plaintiff was one on behalf of William J. Lynott, Jr., only and not with the firm of which he was admittedly a partner, and (b) that the value of the services rendered by plaintiff was not more than $800. From examinations of the depositions on behalf of defendants themselves, we are of the opinion that any defense based on individual liability of William J. Lynott alone is a specious one. It is quite clear that the negotiations both before, during and after the employment of the plaintiff were conducted by William J. Lynott, Jr., and William J. Lynott, Sr., indiscriminately, and that while it may be technically true that William J. Lynott, Jr., as a consulting engineer was the person solely responsible for the execution of the en-

gineering contract with various municipalities in this county, which caused the engagement of plaintiff as the surveyor, nevertheless the business pertaining to these contracts, the designs to be submitted thereunder and the ultimate disposition of the earnings all were conducted by or went to the benefit of the partners. If this were the only defense presented, therefore, we would not feel justified in opening the judgment.

However, since the defense as to the amount involved challenges the worth of plaintiff's claim, we think the judgment must be opened to admit a defense on this point only. It is quite doubtful whether under Pa. R. C. P. 1037 plaintiff had any right to cause damages to be assessed on a mere statement of the total amount plaintiff claims to be due under an employment contract on a quantum meruit basis. Plaintiff makes some effort to show by depositions that there was an accord at some period of the negotiations between plaintiff and defendants, a matter which is specifically denied by defendants but which very definitely was not pleaded in the complaint as a basis for the claim. In our opinion, therefore, while the entry of a general judgment against defendants was justified for want of an answer, the entry of a particular money judgment was not. Judgment will, therefore, be opened so as to permit defendants to file an answer to the averments of the complaint, specifying the damages, trial to be had subsequently on the issue as to damages in accordance with Pa. R. C. P. 1037(b).

Now, March 15, 1954, the judgment heretofore entered in the above-captioned case in favor of plaintiff and against defendants is opened to the extent that the assessment of damages by the prothonotary is stricken from the record; the general judgment to stand against defendants, and trial to be had at which the issue shall be limited to the amount of damages.